The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 Are monthly meetings of the 7th Judicial District Drug Task Force, which is a group composed of the prosecuting attorney, sheriffs and police chiefs and partially funded by state monies, subject to the Arkansas Freedom of Information Act?
I assume that this question pertains to the meetings of the group which is composed of the representatives of the various agencies participating in the drug law enforcement program in the Seventh (7th) Judicial District. This program is funded through federal grants (Anti-Drug Abuse Act of 1988) and state matching funds (Anti-Drug Abuse Act of 1988) and state matching funds (Act 247 of the First Extraordinary Session of 1989). The 7th Judicial District's grant application indicates that the participating agencies are represented in a "control group" which meets regularly to establish investigative plans and determine resource commitments, in accordance with federal guidelines generated by the U.S. Department of Justice. The "task force" referenced in your correspondence is the multijurisdictional authority created under an intergovernmental agreement entered into by the participating agencies. The function of the task force is to coordinate and pool the agencies' law enforcement resources, with the goal of enhanced investigation and prosecution of drug offenders. See Department of Finance and Administration (Office of Intergovernmental Services) Drug Law Enforcement Grant #DLEP 90-24; see also 7th Judicial District "Narcotics Trafficking Taskforce Intergovernmental Agreement."
It is my opinion that the answer to your question is "yes" with regard to the meetings of the control group for this drug task force. The public purpose of this multijurisdictional authority is clear, and the Arkansas Freedom of Information Act ("FOIA") is equally clear in its policy statement that "public business" should be performed in an open and public manner. A.C.A.25-19-102. The FOIA defines "public meetings" as follows:
 `Public meetings' means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds.
A.C.A. 25-19-103(2) (1987).
The manner of conducting public meetings is set out in A.C.A.25-19-106, wherein it states in pertinent part:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
A.C.A. 25-19-106(a).
The language of these provisions is, in my opinion, broad enough to encompass the meetings in question. The control group, as the governing body of the task force which is supported by public funds and whose public purpose is clear, must fall within the open meetings requirement of the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.